# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MELVIN JORDAN, III,<br><br>      Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C14-0035-LRR<br>No. CR08-0010-LRR<br><br>ORDER |

This matter appears before the court on Melvin Jordan, III's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Melvin Jordan, III ("the movant") filed such motion on March 12, 2014. Because judgment entered against the movant on September 4, 2008 and the movant never filed a direct appeal, any action attacking his conviction or sentence is barred by the one-year statute of limitation. The movant's conviction became final in September of 2008 and he only sought relief in March of 2014, which is well beyond the applicable time frame. *See* 28 U.S.C. § 2255(f)(1). Further, no other subsection under 28 U.S.C. § 2255(f) applies to the movant's situation. The movant is not able to rely on *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), because the Supreme Court has not made it retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The movant cites to no case in which the Supreme Court has declared its decision in *Descamps* to be retroactively applicable on collateral review and the court's own search has not revealed any cases that have applied *Descamps* retroactively to a case on collateral review. *Cf. United States v. Hairston*, 2014 U.S. Dist. LEXIS 38683 (W.D.

Va. 2014); *United States v. Davis*, 2014 U.S. Dist. LEXIS 34879 (N.D. Ill 2014); *Hunter v. United States*, 2014 U.S. Dist. LEXIS 28755 (E.D. Okla. 2014); *Wilson v. Holland*, 2014 U.S. Dist. LEXIS 16277 (E.D. Ky. 2014); *Hoskins v. Coakley*, 2014 U.S. Dist. LEXIS 7671 (N.D. Ohio 2014); *United States v. Copeland*, 2014 U.S. Dist. LEXIS 1921 (N.D. Okla. 2014); *Monroe v. United States*, 2013 U.S. Dist. LEXIS 168904 (N.D. Tex. 2013); *Baldwin v. United States*, 2013 U.S. Dist. LEXIS 167124 (D. Md. 2013); *Strickland v. English*, 2013 U.S. Dist. LEXIS 119371 (N.D. Fla 2013). Based on the foregoing, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.[1] A certificate of appealability under 28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 1st day of April, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] Having concluded that the movant's action is untimely, the court declines to address whether Iowa's burglary statute, Iowa Code section 713.5, is indivisible for purposes of the Armed Career Criminal Act and whether Iowa's charging statute, Iowa Code section 713.1, goes beyond the generic definition of burglary.